**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02012-GPG

**MUSE MOHAMUD SHEKHOW**,

    Plaintiff,

v.

**DAVID WINCHER**, individually and as Sheriff of Arapahoe County, State of Colorado;
**DAVID JONES**, individually and as the Director of the Medical Center at Arapahoe Detention Facility;
**ELAINE MAYER**, individually and as Executive Director of ACDF Medical Center;
**ARAPAHOE COUNTY DETENTION FACILITY**;
**AURORA CITY**;
**AURORA POLICE DEPT.**; and
**COLORADO DMV**,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff initiated this action on September 14, 2015, by filing a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepayment of Fees or Costs (ECF No. 3), which was granted by the Court on October 19, 2015 (ECF No. 5).

The Court must construe Plaintiff's Complaint liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

In the Prisoner Complaint, Plaintiff makes rambling assertions without citing any specific Constitutional right that he asserts has been violated.

The Complaint further is deficient to the extent Plaintiff sues Defendants in their official capacities. Suits against Defendants in their official capacities are suits against the municipality that employees them. Municipalities are not persons subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978)), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Moreover, a local government entity such as Arapahoe County, the City of Aurora and the City of Aurora Police Department are not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). A plaintiff seeking to hold a county liable for his injuries under § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Similarly, a claim against the Colorado Department of Motor Vehicles is a claim against the State of Colorado. The Eleventh Amendment bars suits against the states absent an express and unambiguous waiver or abrogation by Congress. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). State sovereign immunity is more than immunity from liability—it actually deprives federal courts of subject-matter jurisdiction. *Id.* at 678. Sovereign immunity is not confined to suits in which the State is named as defendant, *Edelman*, 415 U.S. at 663; state agencies are entitled to Eleventh Amendment immunity if they are "arms of the state," *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994

(10th Cir. 1993) (*en banc*) (internal quotation marks and citation omitted).

Finally, under C.R.S. § 13–80–102(1)(h), a two-year statute of limitations applies to "[a]ll actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in ... section 13–80–103." Thus, Plaintiff cannot file claims for actions that occurred on or before September 14, 2013.

It appears that Plaintiff may be asserting an Eighth Amendment claim concerning his medical treatment. It is not clear against which Defendant or Defendants Mr. James is asserting the medical treatment claims or what any particular Defendant did with respect to medical treatment that violated Mr. Herrera's constitutional rights. The Eighth Amendment, through its prohibition of cruel and unusual punishment, imposes a duty on prison officials to provide humane conditions of confinement, including adequate medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A violation occurs when: 1) a medical need is serious; and (2) the acts or omissions by prison officials demonstrate "deliberate indifference" to the inmate's health or safety. *Id.* at 106. Thus, first, a complaint must allege facts showing a sufficiently serious medical need. A "medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Id.* at 1210. The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Under *Estelle*, deliberate indifference is present when prison officials intentionally deny or delay access to necessary

medical treatment for non-medical reasons, or when they interfere with a course of treatment once prescribed. *Id.* at 104-05. Under the subjective component, Plaintiff "must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez*, 563 F.3d at 1089.

In the context of a medical treatment claim, he must state exactly what objectively serious medical need he was suffering from and what each specific Defendant did that amounted to deliberate indifference to that need. He must provide specific dates and provide a short statement as to each claim against each defendant. Plaintiff's complaint provides a statement of facts that does not specify what constitutional claims he is asserting against each defendant. He merely identifies a defendant and makes rambling statements.

The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

4

provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff fails to provide a short and plain statement of his claim showing he is entitled to relief because he fails to provide specific factual allegations with respect to each constitutional violation in support of his individual claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  **To establish personal participation, Plaintiff must show in the Cause of**

**Action section of the complaint form how each named individual caused the deprivation of a federal right**. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, **TO STATE A CLAIM IN FEDERAL COURT PLAINTIFF MUST EXPLAIN (1) WHAT A DEFENDANT DID TO HIM; (2) WHEN THE DEFENDANT DID IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM.** *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Accordingly, in the Amended Complaint, Plaintiff must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights. Plaintiff has failed to sufficiently comply with this requirement, *i.e.*, no dates, no specific instances alleged by specific defendants, *etc*.

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of

mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199. Therefore, Plaintiff should name as Defendants only those persons he contends actually violated his federal rights while acting under color of law.

Moreover, under the PLRA, Mr. Wilson was required to exhaust completely his available administrative remedies prior to bringing his claims in federal court. "Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed...." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (an "inmate who begins the grievance process but does not complete it is barred from pursuing a ... claim under the PLRA for failure to exhaust his administrative remedies.").

Exhaustion in cases covered by § 1997e(a) is not within the court's discretion, but is mandatory. "[E]xhaustion requirements are designed to . . . give the agency a fair and full opportunity to adjudicate their claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Full and proper exhaustion of administrative remedies is required, and entails utilizing "all steps that the agency makes available, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90.

Finally, Plaintiff's claims are governed by the appropriate state-law limitation period

for personal injuries; in Colorado, that period is two years. *See e.g., Appleby–El v. Catron*, 84 F. App'x 9, 10 (10th Cir. 2003) (unpublished) (citing *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) and C.R.S. § 13–80–102. Thus, to be timely, the Plaintiff must have commenced this action within two years of the accrual of his claims. A claim accrues, and the statute of limitations begins to run, on the date when the plaintiff knows or should know of the existence and cause of the injury upon which his claim is based. *Hoang Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004).

It is Plaintiff's responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Plaintiff must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. Moreover, it is not the Court's role to sift through conclusory allegations to determine the heart of each claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Plaintiff must file an amended complaint if he wishes to pursue his claims in this action. Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order. It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the

amended complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED December 21, 2015, at Denver, Colorado.

BY THE COURT:

 /s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge